IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LESTINE BURTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12cv34-WKW |
| ) | |
| DOROTHY LAWHORN, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court are Defendants' Motions to Dismiss (Docs. 11 & 21). Plaintiff has filed Responses (Docs. 17 & 23) to the Motions. For the reasons that follow, it is the RECOMMENDATION of the undersigned that Defendants' Motions to Dismiss be GRANTED and this case be DISMISSED.

I.   **BACKGROUND**

Plaintiff filed this action on January 11, 2012. *See* Compl. (Doc 1). On January 17, 2012, the District Judge referred this case to the undersigned "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Referral Order (Doc. 4). After completing a review of this case pursuant to the provisions of 28 U.S.C. § 1915(e), the court ordered Plaintiff to identify the specific parties against whom she intended to file suit[1]

---

[1] The Complaint was unclear on this point as Plaintiff listed South Haven Nursing Home in the case name then listed individual defendants in the "Defendants' names" section of the Complaint. Compl. (Doc. 1) at 1.

and to amend the Complaint to specify whether it was brought "pursuant to the Americans with Disabilities Act ("ADA"), or the Family and Medical Leave Act (FMLA), or both" and to comply with Rule 8(a) of the Federal Rules of Civil Procedure.  Order (Doc. 5).  Plaintiff filed the Amended Complaint on February 15, 2012.  Am. Comp. (Doc. 7).  In the Amended Complaint, Plaintiff dropped South Haven Nursing Home as a party and specified that this action was against Dorothy Lawhorn, Angela Sanders, and Felicia Boyd. *Id*.  After receiving service of process, Defendants Lawhorn and Sanders filed a Motion to Dismiss (Doc. 11) and Brief in Support (Doc. 12).  Defendant Boyd was served on June 29, 2012, and filed her Motion to Dismiss (Doc. 21) on July 18, 2012.  Plaintiff has filed a response to each of the Motions.  *See* Docs. 17 & 23.

## II.   DISCUSSION[2]

Defendants move for dismissal on the basis that Plaintiff has failed to state a claim for relief upon which relief may be granted.  Because Plaintiff is *pro se*, the court reviewed her claims liberally,[3] and with the aid of her attending materials.[4]  The court accepted the allegations in the complaint as true, and construed them in the light most favorable to

---

[2] Defendant Boyd's Motion to Dismiss adopts and incorporates the arguments contained within the Brief in Support (Doc. 12) of the Motion to Dismiss filed by Defendants Lawhorn and Sanders.  Accordingly, the court will address the arguments of Defendants as a whole.

[3] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[4] The court can consider the EEOC complaint in this case while reviewing the Rule 12(b)(6) Motions to Dismiss because it is central to Plaintiff's claim and undisputed.  *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Plaintiff.  *Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000).  The court analyzed Plaintiff's claims as though she intended to file suit under the FMLA and the ADA.

### *A.     FMLA claim*

"The FMLA entitles eligible employees to twelve weeks of leave during any twelve-month period because of a serious health condition, 29 U.S.C. § 2612(a)(1)(D), as well as the right to be reinstated to the position that they held when the leave began or to an equivalent position, *id*. at § 2614(a)(1)."  *Spakes v. Broward Cnty. Sheriff's Office*, 631 F.3d 1307, 1309 n.1 (11th Cir. 2011).  "The FMLA recognizes two types of claims for alleged violations of these provisions:  interference claims, in which employers burden or outright deny substantive statutory rights to which their employees are entitled, *see* 29 U.S.C. § 2615(a)(1) (1999), and retaliation claims, in which employers discharge employees for exercising their FMLA right to leave, *see id*. § 2615(a)(2)."  *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1352 (11th Cir. 2000) (footnotes omitted).  Plaintiff does not specify which type of claim she brings in this suit, but that matters not, because even construing her complaint to cover either type, it still fails to state a claim.

Assuming that Plaintiff is an eligible employee, Plaintiff's complaint fails to allege that Defendants failed to reinstate her after twelve weeks of FML.  In the original Complaint, Plaintiff asserts that she was diagnosed with a disability in February of 2010 and provided her employer with all the necessary documentation to be on FML.  *See* Doc. 1-1 at 3.

Plaintiff next states that she contacted Defendant Sanders in October and November of 2010 to be reinstated. Taking this as true, Plaintiff's leave went well beyond the twelve weeks allowed under the FMLA. 29 U.S.C. § 2612(a)(1)(D). Plaintiff admits that she exceeded the twelve weeks by stating that she "had enough personal leave to carry me through my return to work date." EEOC Comp. (Doc. 1-1) at 3. In other words, Plaintiff used what she believed to be available personal leave to extend her leave beyond the FMLA twelve week period. Thus, if Plaintiff has a claim against Defendants, it does not fall under the FMLA, because "[t]he statute provides for only 12 weeks of leave." *McGregor v. Autozone, Inc.*, 180 F.3d 1305, 1308 (1999) ("The statute does not suggest that the 12 week entitlement may be extended."); *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 96 (2002) (holding that the FMLA guarantees up to twelve weeks, not more). Taking Plaintiff's assertions in the Complaint as true, even if she had sufficient leave time to cover the months she was absent from work, she has failed to state a claim for relief under the FMLA because she exceeded the statutorily protected time. *See, e.g., Cox v. Autozone, Inc.*, 990 F. Supp. 1369, 1376 (M. D. Ala. 1998) ("Where an employer [ . . . ] exceeds [the twelve week] baseline, by providing not only more leave than FMLA, [ . . . ]the employer should not find itself sued for violating FMLA.").[5]

**B.     ADA claim**

---

[5] Plaintiff was on notice that this leave time was FML, where she states in her EEOC complaint that she provided her employer with the necessary documentation to be on FML. EEOC Compl. (Doc. 1-1) at 3.

As to Plaintiff's claims under the ADA, Defendants are correct, the ADA " does not provide for individual liability, only for employer liability."  *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) ("[I]ndividual liability is precluded for violations of the ADA's employment discrimination provision.").  Accordingly, Plaintiffs claims against these Defendants cannot stand.

## II.     CONCLUSION

For the reasons stated above, the Magistrate Judge RECOMMENDS that Defendants' Motions to Dismiss (Docs. 11 & 21) be GRANTED and this case be DISMISSED. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation by **October 23, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661

5

F.2d 1206 (11th Cir. 1981) *(en banc)*(adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 9th day of October, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE